

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2002

# Baker v. Summit Bank

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4438

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Baker v. Summit Bank" (2002). *2002 Decisions.* Paper 574.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/574

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-4438
_____

JOHN BAKER; MARGARET BAKER;
ELAINE COOPERSMITH; ARNOLD COOPERSMITH,
on behalf of themselves and all others similarly situated,

v.

SUMMIT BANK,

John Baker, Arnold Coopersmi

Appellants.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D. C. Civil No. 99-cv-07947
District Judge: Hon. Bruce W. Kauffman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 18, 2002
_____

Before: McKEE, FUENTES, and ALDISERT Circuit Judges.

(Opinion Filed: September 17, 2002 )
_____

OPINION OF THE COURT
_____

McKEE, Circuit Judge.

John Baker, Margaret Baker, Elaine Coopersmith and Arnold Coopersmith, on behalf of themselves and all those similarly situated, appeal the decisions of the District Court dismissing their claims against Appellee Summit Bank, the successor indenture trustee of debt indentures owned by Appellants. Initially, the District Court granted Appellee's Rule 12(b)(6) motion to dismiss the state law count of the complaint. Subsequently, the District Court granted summary judgment in favor of Appellee pursuant to Fed. R. Civ. P. 56 on the remaining counts of the complaint brought under the Trust Indenture Act of 1939, 15 U.S.C. 77aaa et. seq on December 10, 2001. For the following reasons, we will affirm the decisions of the District Court.

Because we write only for the parties and the District Court who are familiar with the factual and procedural background of this lawsuit, we need not recite the history of this case. We have reviewed the District Court's September 17, 1999 opinion dismissing Count IV of Appellants' complaint. This count consisted of a claim against Appellee under the Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. 201 et. seq. We believe that the District Court properly applied Algrant v. Evergreen Valley Nurseries Ltd. Partners, 126 F.3d 178 (3d Cir. 1997), and correctly determined that Summit Bank's mere involvement as Indenture Trustee of the securities in question did not bring its conduct within the ambit of the Pennsylvania statute. Therefore, we will affirm the dismissal of Count IV substantially for the reasons set forth in the District Court opinion.

We will also affirm the District Court's grant of summary judgment in favor of Summit Bank under Fed. R. Civ. P. 56. It is well settled that under the Trust Indenture Act, the obligations of the Indenture Trustee are limited to the terms of the Indenture. Thus, prior to default, the Indenture Trustee owes the debenture holders no fiduciary duties beyond any that may be required by the Indenture instrument. See 15 U.S.C. 77ooo(a); Lorenz v. CSX Corp, 1 F.3d 1406 (3d Cir. 1993); Meckel v. Cont'l Res. Co., 758 F.2d 811, 816 (2d Cir. 1985).

After our review of the record in this case, we believe the District Court correctly determined that prior to default, the relevant Indentures impose no duty to affirmatively evaluate the Obligors' apparently precarious financial condition or to prevent the certification of apparently genuine debt certificates of the Obligator. Its duties were explicitly spelled in the Indenture instruments, and its duties did not include a duty to perform the acts that Appellants now contend Appellee should have performed. Moreover, we agree with the District Court's conclusion that Appellee did carry out its pre-default duties reasonably and in accordance with the Indenture and did not have a conflict of interest in its role as trustee. Therefore, we will affirm the District Court substantially for the reasons set forth in the court's December 11, 2001 opinion.

For the foregoing reasons, we will affirm the decisions of the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.

By the Court:

/s/ Theodore A. McKee
Circuit Judge